24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samir KAZAN, Plaintiff-counter-defendant-Appellee,
v.
G.A.M. ENTERPRISES, INC., Defendant-counter-claimant,
and
Gabriel A. MAALOUF, Defendant-Appellant.
 No. 93-56038.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel A. Maalouf appeals pro se the district court's order closing the case and directing the Clerk to return Maalouf's third motion for clarification. Construing the order as a denial of a motion for relief from judgment under Fed.R.Civ.P. 60(b), we have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and affirm.[1]
 
 
 3
 Samir Kazan filed this diversity action against Maalouf, G.A.M. Enterprises, Inc. and Big H Corporation on November 23, 1983. The clerk entered a default judgment against Maalouf and Big H on October 24, 1984. G.A.M. subsequently filed a counterclaim against Kazan. On February 26 and September 15, 1986 the court issued orders to show cause why Kazan's complaint against G.A.M. and G.A.M.'s counterclaim should not be dismissed for lack of prosecution.
 
 
 4
 On October 3, 1986 the clerk entered a default judgment against Kazan on G.A.M.'s counterclaim while the September 15 order to show cause regarding lack of prosecution remained pending. On October 16, 1986 the court dismissed Kazan's complaint against G.A.M. and G.A.M.'s counterclaim for lack of prosecution, without addressing the effect the dismissal would have on the clerk's entry of default two weeks prior.
 
 
 5
 On September 30, 1988 this court affirmed Kazan's 1984 default judgment against Maalouf and Big H and the 1986 dismissal of G.A.M.'s counterclaim (appeal no. 86-6624).[2]
 
 
 6
 On November 30, 1990, two years after the appeal was decided, Maalouf filed a motion in the district court seeking clarification of the effect of the October 16, 1986 dismissal order on the two previous default judgments. The district court denied the motion on January 16, 1991, noting that the action had been "dismissed in its entirety ... on October 16, 1986."
 
 
 7
 On May 13, 1991 Maalouf moved for clarification of the January 16 order. The motion was denied on June 24, 1991.[3]
 
 
 8
 Two years later, on May 13, 1993, Maalouf again moved for clarification of the January 16, 1991 order. On June 4, 1993 the court ordered as follows:
 
 
 9
 This action is closed and the motion filed herein May 13, 1993 should not have been accepted for filing. The Clerk of this Court is ordered to return that motion and all documents filed in connection therewith to the respective parties filing same. No further filings shall be accepted in this closed case or with this closed docket number.
 
 
 10
 Maalouf filed a timely notice of appeal from that order.
 
 
 11
 Maalouf seeks clarification of the January 16, 1991 order denying his first motion for clarification, to the extent the order indicated that the action had been dismissed in its entirety on October 16, 1986. Maalouf contends that if the October 1986 order dismissed the action in its entirety, then one or both of the previous default judgments was invalidated.
 
 
 12
 This court's 1988 affirmance of Kazan's default judgment against Maalouf and Big H is law of the case. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982). Because we affirmed both the default judgment and the dismissal order, it is evident that we did not believe the dismissal order invalidated the default judgment against Maalouf and Big H. The district court would be precluded from finding otherwise by the law of the case doctrine. See id. On this issue, it is important to note that the October 1986 dismissal order did not dismiss Kazan's complaint as to Maalouf and Big H.
 
 
 13
 The order did, however, dismiss G.A.M.'s counterclaim against Kazan for lack of prosecution after the clerk's entry of default against Kazan. Our affirmance of the dismissal invalidated the earlier entry of default against Kazan by implication. This ruling is also law of the case. See id.
 
 
 14
 In light of this court's previous decision and the district court's denial of Maalouf's first two motions for clarification, the court did not abuse its discretion in closing the case and returning the third motion to the parties. See Floyd, 929 F.2d at 1400.
 
 
 15
 Moreover, while we have construed Maalouf's motion for clarification as one brought under Rule 60(b) for purposes of appellate jurisdiction, the relief that he sought is not obtainable under that rule. See Fed.R.Civ.P. 60(b)(4), (5), (6). The district court therefore did not abuse its discretion in refusing to hear the motion.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the notice of appeal can be construed as a petition for writ of mandamus, it is denied. See Bauman v. U.S. District Court, 557 F.2d 650, 654 (9th Cir.1977)
 
 
 [2]
 Maalouf's petition for rehearing was denied on January 12, 1989. The U.S. Supreme Court denied his petition for writ of certiorari on January 19, 1990
 
 
 [3]
 This court denied Maalouf's petition for writ of mandamus on August 3, 1992 in petition no. 92-70497
 
 
 [4]
 We deny Kazan's requests that we decline jurisdiction to hear the appeal and impose sanctions on Maalouf